UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTORIA DICKS, *On Behalf of Herself and All Others Similarly Situated*,

         Plaintiff,

    -against-

ZINNIA FOLK ARTS, LLC,

         Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____8/7/2023_____

22-cv-7654 (MKV)

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff initiated this case on September 8, 2022 [ECF No. 1]. However, Defendant has not answered or otherwise appeared, and Plaintiff has not taken any action to prosecute this case. As such, on July 25, 2023, the Court issued an Order To Show Cause directing Plaintiff to file a letter by July 28, 2023 explaining why this case should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [ECF No. 5]. The Court further directed Plaintiff and her counsel to explain why the Court should not resort to the "less drastic" sanction of imposing monetary fines on Plaintiff's counsel, citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). The Court specified that "Plaintiff personally" was "on notice" that she is ultimately responsible for prosecuting this case, which may be dismissed because of her chosen counsel's conduct. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962). To date, Plaintiff and her counsel have simply ignored the Court's Order To Show Cause.

  The Second Circuit has instructed district courts to consider five factors before dismissing a case pursuant to Rule 41(b). The district court must weigh: (1) the duration of the plaintiff's failure to prosecute or comply with a court order; (2) whether the plaintiff was on notice that failure to prosecute and comply with court orders would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its

1

docket with the plaintiff's interest in receiving a hearing; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 217.

The Court has carefully considered each of these factors and concludes that dismissal is warranted. Plaintiff has done nothing to prosecute her case since initiating this action nearly a year ago. The Court put Plaintiff and her counsel on notice that failure to prosecute could result in dismissal [ECF No. 5]. Instead of taking any action to avoid dismissal, Plaintiff and her counsel ignored a court order. The possibility of the Court imposing monetary sanctions on Plaintiff's counsel did not prompt any response. Moreover, while the Court has a strong interest in managing its docket, Plaintiff does not appear to have a strong interest in being heard on the merits of this case, since she has done nothing to prosecute the case for nearly a year.

Accordingly, the above-captioned case is dismissed, pursuant to Rule 41(b), for failure to prosecute and to comply with a court order. The Clerk of Court respectfully is directed to close this case.

**SO ORDERED.**

**Date:  August 7, 2023**  
**New York, NY**

*/s/ Mary Kay Vyskocil*  
**MARY KAY VYSKOCIL**  
**United States District Judge**